UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Caroline Delaire,<br><br>    Plaintiff,<br><br> v.<br><br>One on One Marketing, LLC d/b/a Career Institute; and DOES 1-10, inclusive,<br><br>    Defendants. | :<br>: Civil Action No.:  3:13-cv-01923<br>:<br>:<br>: COMPLAINT<br>:<br>:<br>: December 27, 2013<br>:<br>: |

  For this Complaint, the Plaintiff, Caroline Delaire, by undersigned counsel, states as follows:

## JURISDICTION

  1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

  2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

  3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

  4. The Plaintiff, Caroline Delaire ("Plaintiff"), is an adult individual residing in Amston, Connecticut, and is a "person" as defined by 47 U.S.C. § 153(10).

  5. Defendant, One on One Marketing, LLC d/b/a Career Institute

("One"), is a Utah business entity with an address of 3098 Executive Parkway, Suite 300, Lehi, Utah 84043, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual agents employed by One and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. One at all times acted by and through one or more of the Agents.

## FACTS

8. In or around October 2013, One called Plaintiff's cellular telephone, number 860-xxx-5573, in an attempt to solicit Plaintiff its services.

9. One placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

10. At all times mentioned herein, when Plaintiff answered a call from One she experienced a brief period of silence before being connected to a live agent.

11. During a conversation with One in October 2013, Plaintiff explained that she is not interested in One's services and requested that the calls to her cellular telephone cease.

12. Regardless, One continued to place calls to Plaintiff knowing that it lacked consent to do so.

13. Plaintiff never provided her number to One, nor did she provide her consent, written or otherwise, to be contacted by One.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, *et seq.*

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein and within the last four years, One called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

16. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

17. One's telephone systems appear to be a predictive dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before One's telephone system would connect her to a live representative.

3

18. Upon information and belief, One's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. Defendants placed calls to Plaintiff's cellular telephone knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20. The telephone number called by One was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21. The calls from One to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 27, 2013

                        Respectfully submitted,

                        By   /s/ *Sergei Lemberg*

                        Sergei Lemberg, Esq.
                        LEMBERG LAW L.L.C.
                        1100 Summer Street, 3rd Floor
                        Stamford, CT 06905
                        Telephone: (203) 653-2250
                        Facsimile:   (203) 653-3424
                        Attorney for Plaintiff